

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXX~~XXX
ATTORNEY GENERAL

Honorable Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. O-1717
No: Effect of House Concurrent
Resolution 194, adopted June
30, 1939, on Senate Bill No.
89, Acts of 46th Legislature.

We are in receipt of your letter of November 18, 1939, in which you request a reconsideration of our Opinion No. O-1118. You are concerned with the effect of House Concurrent Resolution 194 on Senate Bill No. 89, Acts, 46th Legislature.

Opinion No.O-1118 held that Senate Bill No. 89 did not donate all subdivision losses, such as schools, roads, etc. in addition to donating the county ad valorem losses in each county. We believe that said opinion correctly interpreted the provisions of said Act.

Senate Bill No.89 was approved on May 15, 1939. House Concurrent Resolution 194 was passed on June 30, 1939. Said Resolution provides as follows:

"WHEREAS, Senate Bill No. 89 was passed by the Forty-sixth Regular Session of the Texas Legislature; and

"WHEREAS, The Comptroller of Public Accounts of this State is in question as to the extent aid can be granted to the counties included in the provisions of said Act; now, therefore, be it

"RESOLVED by the House of Representatives, the Senate concurring, That is hereby expressed that the intent of the Forty-sixth Legislature in conformity with the purpose for which said Act was passed, was that aid should be granted to each of said counties to reimburse for tax loss on

the land purchases by the Federal Government, including county, school, and road district tax levies, and it was not intended to be limited to the amount levied and collected by the respective counties for General Revenue purpose only."

While said Resolution attempts only to explain the legislative intention in Senate Bill No. 89, we are of the opinion that the same if given effect would operate to amend the terms of said Senate Bill. The Resolution provides for the donation to the counties of the amount lost by the school and road districts, while the original Act makes no such donation.

A similar situation confronted the Supreme Court of Texas in the case of Caples vs. Cole, 102 S.W. (2d) 173. House Bill 358 had been passed by the 42nd Legislature in 1931. Senate Concurrent Resolution No. 4 was later adopted by the 42nd Legislature which Resolution attempted to set out the legislative intention in House Bill 358 in the following language:

". . .That it was the intention of the Legislature, and is now the intention of the Legislature that public school land occupied by mistake as provided in said Sec. 5 . . ."

The Supreme Court stated as follows:

"It is plain that the resolution not only undertakes to interpret or construe what the original Act contained, but also to read into said law words and intentions not expressed in the original Act. Statutes cannot be amended in that manner. Resolutions play their part in our legislative history, and are often resorted to for the purpose of expressing the will of the Legislature, but statutes cannot be amended by resolutions."

Unquestionably the court's criticism of Senate Concurrent Resolution No. 4 in the Caples case would also apply here to House Concurrent Resolution No. 194, since we can find no ambuguity in Senate Bill No. 89 sufficient to take it out of the rule set out in said case.

It is the opinion of this department, therefore, that Opinion No. O-1118 correctly construes Senate Bill No. 89 and that House Concurrent Resolution No. 194 is inoperative because said Resolution attempts to amend the prior Act.

We did not, in opinion No. O-1118, and do not by this

Hon. Charles S. McMillan, page 3 0-1717

opinion, pass on the constitutionality of Senate Bill No. 89.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By       Cecil C. Cammack
              Assistant

By       Billy Goldberg
              Assistant

BG:N--pam
APPROVED DEC 23 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN